the afternoon of the same day the defendant's wife paid the plaintiff $21.26 the amount of the premium. A few days afterwards for the purpose of identifying the defendant and at his request the plaintiff endorsed the draft in blank under the payee's endorsement and left it with the defendant. The plaintiff had no pecuniary interest in the draft. The defendant presented the draft endorsed by himself and the plaintiff to the Branch Banking and Trust Company in Goldsboro, who paid the draft upon the strength of the plaintiff's endorsement. The draft was sent by the bank of Goldsboro for collection in the usual course and was returned unpaid. The plaintiff immediately notified the defendant who refused to reimburse the plaintiff and the plaintiff brought suit against the defendant, as prior endorser, to recover the sum of $150.00, the amount of the draft which the plaintiff had paid for the benefit of the defendant.

The issue, "In what amount, if any, is the defendant indebted to the plaintiff?" was answered, "$150.00 with interest from 8 December, 1931." His Honor charged the jury as follows: "If you find the facts to be as testified to by all the witnesses you will answer this issue $150.00 with interest from 8 December, 1931." Judgment for plaintiff; exception and appeal by the defendant.

*Hugh Brown Campbell and J. Faison Thomson for appellant.*
*Julian T. Gaskill and Dickinson & Bland for appellee.*

PER CURIAM. The plaintiff's production of the draft in the trial was evidence of its nonpayment by the drawer. It contained a waiver of protest which was binding upon all parties—a waiver of formal protest, of presentment, and dishonor. *Shaw Bros. v. McNeill,* 95 N. C., 535; *Rasberry v. West,* 205 N. C., 406.

We are of opinion that none of the appellant's exceptions to the admission or rejection of evidence can be sustained. Upon examination of the whole record we find

No error.

---

EARL FERGUSON v. REX SPINNING COMPANY.

(Filed 2 May, 1934.)

**Judgments L a—**

> In order to sustain a plea of estoppel by judgment in an action instituted after judgment of nonsuit the court must find that the allegations and evidence in the second action are substantially identical with the first.

APPEAL by plaintiff from *Stack, J.,* at January Term, 1934, of GASTON. Reversed.

*J. L. Hamme for plaintiff.*
*J. Laurence Jones for defendant.*

Per Curiam. In *Batson v. Laundry Co., ante,* 371, is the following: "In the case at bar the trial judge heard no evidence and found no facts. Hence, it does not appear whether the merits of the present case are substantially identical to the former case or not. Therefore, the Court is of the opinion that the judgment dismissing the action upon the plea of estoppel, was prematurely and inadvertently made." For the reasons given, the judgment of the court below is

Reversed.

---

HENRY S. HANSON v. F. F. DICKSON, Trading and Doing Business as DICKSON WOOD CARVING COMPANY.

(Filed 23 May, 1934.)

Appeal by defendant from *Clement, J.,* at March Term, 1934, of Guilford. Affirmed.

This is a civil action tried at the December Term, 1933, of the municipal court of the city of High Point, North Carolina, before Honorable Lewis E. Teague, judge presiding, and a jury. Plaintiff, Henry S. Hanson, brought an action to recover damages of the defendant arising out of alleged breach of contract, the defendant filing answer admitting the contract, but alleging that it was dissolved by mutual consent. The jury answered the issue submitted to it to the effect that the defendant was indebted to the plaintiff in the sum of $278.30, and judgment was signed accordingly.

The defendant made the following material exceptions and assignments of error and appealed to the Superior Court: (1) The defendant, at the close of plaintiff's evidence, and at the close of all the evidence, made motions as in case of nonsuit. C. S., 567. (2) That his Honor failed to define a contract and explain the law with reference thereto in his charge to the jury.

The judgment in the court below is as follows: "This cause coming on to be heard, upon appeal from the municipal court of the city of High Point, and being heard upon the assignments of error on the part of the defendant as set forth in the record; It is ordered that each and every assignment of error appearing in the record be overruled; that the judgment heretofore rendered in the municipal court of the city of High Point be in all things affirmed, and that the clerk of this court certify this opinion to the municipal court of the city of High Point to the end that said cause may be proceeded with according to law."